## Case No. 6,267.

### HAYMAN'S ADM'RS v. ROTHWELL.

[1 Hayw. & H. 156.][1]

Circuit Court, District of Columbia. Aug. 29, 1843.

INSOLVENT—TAXES—PERSONALTY—DISTRAINT.

When a party dies insolvent leaving taxes due on his real estate and the collector of taxes advertise the real estate, and there being no bidders, he distrains goods that were upon the premises for which the taxes became due, in a suit against the collector it was *held*, that the personal estate on the premises was liable for the taxes due.

[This was an action of trespass de bonis asportatis by William Hayman's administrators against Andrew Rothwell, collector of taxes for the city of Washington.]

The plea was not guilty. Leave was given to offer special matter in evidence to be submitted for the decision of the court on the following statement of case agreed: "Wm. Hayman was the owner in his life of the lots in Washington on which the brewery stands, and occupied the same, and there conducted the business of brewing from 1830 till his death. Taxes were imposed upon the property by the city authorities for the years 1839, 1840 and 1841, amounting to $457.40. Hayman died in September, 1842, intestate, leaving the taxes in arrear and unpaid. His widow and Geo. Cover obtained letters of administration in October, 1842, upon his personal estate. The collector of taxes advertised the lots, &c., for sale, to take place in November, 1842, for the above taxes. There being no bidders, he afterwards distrained a quantity of wood, casks, &c., for said taxes. The wood and casks, &c., were part of the personal estate of said Hayman, and were upon the premises for which these taxes became due at the death of Wm. Hayman, and from that time until the time of the distress; and the casks had been generally kept by said Hayman on the premises, and used by him in connection with the business of the brewery since the taxes fell due. In November, 1829, Hayman conveyed the lots, &c., above mentioned to a trustee to secure his debts to the Farmers' and Mechanics' Bank, with power to sell. The deed

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

is made a part of this case. It is in the usual form of deeds of trust. After his death the trustee advertised the property for sale. The bank became the purchaser for a less amount than the debt due, and with the stipulation that the trustee must protect against the taxes. The sale by the trustee to the bank was on the 5th of December, 1842, and the distress of the personal property for the taxes, on the 20th of December, in the same year. Hayman died insolvent; his real estate encumbered beyond its value, and his personal property insufficient to pay the judgments rendered in his lifetime and his other debts. The question is whether the collector had a right to distrain the personal property for the taxes; or whether the lots are liable for them. If he had not, the trustee for the bank is to pay them out of the purchase money. If he had, the administrators are to pay them.

"W. Redin, for Administrators.
"Clement Cox, for Trustee and Bank."

The judgment of THE COURT was for the defendant, THE COURT being of the opinion that the personal estate of the intestate referred to was liable to be levied on and sold for the taxes mentioned in the statement.